## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

JERRY A. RODRÍGUEZ,

    **Plaintiff,**

          **v.**               **CIVIL NO.** 23-1150 (FAB)

JENNETTE DE JESÚS-ROJAS,
*et al.,*

    **Defendants.**

## MEMORANDUM AND ORDER

BESOSA, Senior District Judge.

    Before the Court is defendant Diana Díaz-Ramírez ("Dr. Diaz")'s motion to dismiss plaintiff Jerry A. Rodríguez ("Rodríguez")'s amended complaint. (Docket No. 26.) For the following reasons defendant's motion is **DENIED.**

## I.   Factual Background[1]

    On March 29, 2022, Mr. Rodríguez was involved in an altercation with police officers at the Río Grande Police Station after traveling there to file a complaint. Soon after, the police officers involved called an ambulance to pick up Mr. Rodríguez and take him to the University of Puerto Rico Hospital ("the hospital") where he was admitted later that same day. While at the hospital,

---

[1] The Court construes the following facts from the complaint "in the light most favorable to the plaintiff" and "resolve[s] any ambiguities" in the plaintiff's favor. See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011) (discussing the Rule 12(b)(6) standard of review).

the plaintiff was examined by a psychiatrist and referred to a psychiatric evaluation to be performed by Dr. Díaz. The next day, on March 30, 2022, after being examined by Dr. Díaz, the plaintiff was involuntarily committed to the hospital's psychiatric ward. Mr. Rodríguez remained involuntarily admitted to the hospital until his release on April 8, 2022.

Sometime after his release from the hospital, Mr. Rodríguez went to the court of first instance in Fajardo, Puerto Rico, to investigate if a court order was ever issued for his involuntary confinement. In response to his inquiry, the court in Fajardo provided Mr. Rodríguez with documents filed by police officers for a 24-hour temporary detention at the hospital. On April 13, 2023, Mr. Rodríguez was informed by the court in Fajardo that there was no request or petition for his involuntary admission to the hospital beyond the 24-hour temporary detention order.

On March 29, 2023, Mr. Rodríguez filed a *pro se* complaint against several government agencies, including the Government of Puerto Rico, the State Police of Puerto Rico, the Puerto Rico State Court, the University of Puerto Rico at Carolina, and the Río Grande mayor's office. (Docket No. 2.) On September 19, 2023, Mr. Rodríguez, now represented by counsel appointed by the Court, filed an amended complaint against Dr. Díaz and others involved in his involuntary detention pursuant to 42 U.S.C. § 1983 and

Article 1536 of the Puerto Rico Civil Code of 2020, P.R. Laws Ann,
tit. 31, § 10801.  (Docket No. 18.)  The defendants named in the
original complaint are not named as defendants in the amended
complaint.  On October 31, 2023, Dr. Díaz filed a motion to dismiss
the amended complaint stating that the claims against her are
subject to a one-year statute of limitations and therefore timed
barred.  (Docket No. 26.)

## II.  Legal Standard

Pursuant to Rule 12(b)(6), defendants may move to dismiss an
action for failure to state a claim upon which relief can be
granted.  See Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12 (b)(6)
motion, a complaint must contain sufficient factual matter "to
state a claim to relief that is plausible on its face." Bell Atl.
Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A Court must decide
whether the complaint alleges sufficient facts to "raise a right
to relief above the speculative level." Id. at 555.  In doing so,
a court is obligated to "view the facts of the complaint in the
light most favorable to the plaintiffs" and must draw "all
reasonable inferences in the plaintiff's favor." Ocasio-Hernández
v. Fortuño-Burset, 640 F.3d 1, 17 (1st Cir. 2011); Nicolaci v.
Anapol, 387 F.3d 21, 24 (1st Cir. 2004).

42 U.S.C. § 1983 ("section 1983") does not provide a statute
of limitations, instead, courts "borrow the forum state's statute

of limitations for personal injury claims" for purposes of adjudicating section 1983 claims. Ouellette v. Beaupre, 977 F.3d 127, 135 (1st Cir. 2020); Wallace v. Kato, 549 U.S. 384, 387, (2007). While courts will look to state law for the statute of limitations and tolling principals, the date a section 1983 claim accrues is "a question of federal law that is not resolved by reference to state claims." Ouellette, 977 F.3d at 135.

A plaintiff has a complete and present cause of action pursuant to section 1983 when all the acts comprising the specific constitutional violation have been completed." Id. at 136; (citations and internal quotation marks omitted). "However, pursuant to the federal discovery rule, accrual is delayed until the plaintiff knows, or should know of those acts." Id. The federal discovery rule provides that the accrual of section 1983 claims is delayed until a "reasonably prudent person similarly situated" would have learned of the cause of action. Id.

The Puerto Rico Supreme Court has repeatedly held that the statute of limitations for personal injury claims falls under the cognitive theory of damages. See Fraguada Bonilla v. Hosp. Aux. Mutuo, 186 D.P.R. 365, 374 (2012). Pursuant to this theory, the statute of limitations begins to accrue when the plaintiff knew or should have known of the harm suffered, the parties responsible for that harm, and any other necessary element to effectively

Civil No. 23-1150 (FAB)                                                5

commence a cause of action.  See COSSEC et al. v. González López
et al., 179 D.P.R. 793, 805 (2010); Toledo Maldonado v. Cartagena
Ortiz, 132 D.P.R. 249, 254-255 (1992).  The cognitive theory of
damages, however, requires that the plaintiff exercise reasonable
diligence in uncovering the necessary elements for a cause of
action.  Fraguada Bonilla, 186 D.P.R. at 374.

## III. Discussion

     Dr. Díaz argues in her motion to dismiss that the plaintiff
failed to state a ground upon which relief can be granted because
his claims are time barred.  (Docket No. 26.)  In support of this
argument, the defendant points to Article 1204 of the Puerto Rico
Civil Code of 2020 (previously Article 1868 of the 1930 code),
which sets a one-year statute of limitations for personal injury
claims.  See Article 1868 of the Civil Code of Puerto Rico of 1930,
P.R. Laws Ann. Tit. 31, § 5298; Article 1204 of the Puerto Rico
Civil Code of 2020, P.R. Laws Ann. Tit. 31, § 9496.  Because both
the section 1983 claims and the claims arising under Article 1536
of the Puerto Rico Civil Code are subject to Puerto Rico's statute
of limitations, defendant argues, all the claims in the complaint
are time barred.

     Dr. Díaz further argues that accrual for the statute of
limitations should not be delayed until the plaintiff learned, on
April 13, 2023, that his involuntary hospitalization was done

without a court order. (Docket No. 33.) According to the
defendant, Mr. Rodríguez has not satisfied his burden to diligently
uncover the elements of his cause for action under either the
federal discovery rule, or the cognitive theory of damages. Id.
Mr. Rodríguez was released from the hospital on April 8, 2022, and
does not explicitly lay out the reasons it took him until April 13,
2023 to learn that his involuntary commitment was done without a
court order. (Docket No. 18.)

Defendant's arguments are unavailing. While it is true that
Mr. Rodríguez was released from his involuntary confinement at the
hospital more than a year before initiating this lawsuit, he was
not aware at that time that his hospitalization was done without
a court order. (Docket No. 18 at p. 4.) Furthermore, the Court
disagrees that defendant has not pled sufficient facts for the
accrual to be delayed until April 13, 2023.

On a motion to dismiss the Court must draw all reasonable
inferences in the plaintiff's favor. Nicolaci, 387 F.3d at 24.
In this case, Mr. Rodríguez has stated that he went to the Court
in Fajardo to inquire about documents relating to his
hospitalization at least two times. (Docket No. 18 at p. 4.)
Taking this fact in the light most favorable to the plaintiff, the
Court can infer that Mr. Rodríguez was conducting a reasonably
diligent investigation. The Court finds it plausible that it could

Civil No. 23-1150 (FAB)                                              7

take up to a year for the necessary information regarding his involuntary hospitalization to become available. Taking plaintiff's factual assertions as true, the claims are timely filed because the statute of limitations did not begin to accrue until, after multiple inquiries, Mr. Rodríguez learned on April 13, 2023, that his involuntary hospitalization was done without a court order.

**IV. Conclusion**

For the above reasons defendant Diana Díaz-Ramírez's motion to dismiss (Docket No. 26) is **DENIED**.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, November 16, 2023.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
SENIOR UNITED STATES DISTRICT JUDGE