IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**JERRY A. RODRIGUEZ-QUIÑONES**,

   Plaintiff,

   v.

**JEANNETTE DE JESUS ROJAS,** *et al.***,**

   Defendant.

Civil No. 23-1150 (BJM)

**OPINION AND ORDER**

Jerry A. Rodriguez-Quiñones ("Rodriguez") brought this federal jurisdiction claim under 42 U.S.C §1983 against Jeannette De Jesus Rojas ("De Jesus"), Diana Diaz-Ramirez ("Diaz") and Joalex L. Antongiorgi-Torres ("Antongiorgi"), alleging deprivation of his rights to liberty and freedom of movement. Docket No. ("Dkt.") 18. Rodriguez also invokes supplemental jurisdiction on the state law claim of intentional or negligent infliction of emotional distress and anguish under Article 1536 of the Puerto Rico Civil Code of 2020. De Jesus moved to dismiss the action for failure to state a claim upon which relief could be granted. *See* FED. R. CIV. P. 12(b)(6); Dkts. 50, 55. Rodriguez opposed. Dkts. 52, 58. The parties consented to proceed before a magistrate judge. Dkt. No. 41.

For the reasons set forth below, De Jesus's motion to dismiss under Rule 12(b)(6) is **GRANTED**.

**BACKGROUND[1]**

On March 29, 2022, Rodriguez went to the Rio Grande Police Station to file a complaint. Dkt. 18 at ¶7. After spending hours at the station and not being able to file his complaint, Rodriguez had an altercation with a police officer, and was handcuffed. *Id.* at ¶ 7-8. He requested to see a judge but was denied said request. However, police officer Jeannette De Jesus Rojas petitioned a

---

[1] For purposes of De Jesus's Motion to Dismiss, the facts are taken from Plaintiff's Amended Complaint, Dkt. 18, and are presumed to be true.

court of first instance to place Rodriguez in a 24-hour temporary detention. *Id.* at ¶ 13. The request was granted and some hours later, an ambulance picked up Rodriguez and took him to the UPR Hospital. *Id.* at ¶ 9. He arrived at the hospital on the same day and was referred for a psychiatric evaluation. *Id.* at ¶ 10.

On March 30, 2022, Dr. Diana Diaz-Ramirez ordered the involuntary commitment of Rodriguez. *Id.* at ¶ 11. Rodriguez was released on April 8, 2022. *Id.* at ¶ 12. Upon his release, Rodriguez went to the court of first instance in Fajardo to investigate if a court order was requested for his involuntary commitment. *Id.* at ¶ 13. Rodriguez was informed that the only records available was De Jesus's petition for a 24-hour temporary detention. *Id*. The court of first instance had no record of any other request for an involuntary commitment for fifteen days. *Id.* at ¶ 14.

Rodriguez alleges De Jesus failed to file a petition for Rodriguez's involuntary commitment for a maximum term of fifteen days. *Id.* at ¶ 17. According to Rodriguez, De Jesus's failure to request an involuntary commitment resulted in the deprivation of his liberty and freedom of movement. As such, Rodriguez alleges a §1983 claim and a state law claim of intentional or negligent infliction of emotion distress and anguish under Article 1536 of the Puerto Rico Civil Code of 2020, in each case against all defendants. *Id.*

## STANDARD OF REVIEW

To survive a motion to dismiss at the pleading stage, "an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). In evaluating a motion to dismiss, the court first sorts out and discards any "'legal conclusions couched as fact' or 'threadbare recitals of the elements of a cause of action.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alteration marks omitted). The remaining "[n]on-conclusory factual allegations" are fully credited, "even if seemingly incredible." *Id.* Taken together, they must "state a plausible, not a merely conceivable, case for relief." *Id.* At the same time, courts must not "forecast a plaintiff's likelihood of success on the merits." *Id.*

If a court considers materials outside the pleadings, it must give notice to the parties and convert the motion to dismiss into a motion for summary judgment. Fed. R. Civ. P. 12(d). But where allegations "are expressly linked to—and admittedly dependent upon—a document (the authenticity of which is not challenged), that document effectively merges into the pleadings," and may be considered without triggering conversion. *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998). Moreover, if the court disregards the supplied materials, notice and conversion is not required. *Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B.*, 958 F.2d 15, 18 (1st Cir. 1992).

## ANALYSIS

De Jesus moves this court to dismiss Rodriguez's §1983 claims for failure to state a claim. She also argues that the state law claim should be dismissed once the §1983 claim is dismissed as the court will no longer have supplemental jurisdiction. As an initial matter, De Jesus argues that Rodriguez's §1983 claim is insufficiently pled because he failed to state which federal right was violated. Dkt. 50 at 6. Next, De Jesus argues that even if Rodriguez sufficiently pled his §1983 claim, she did not violate Rodriguez's rights because she did not have any "authority nor obligation to file a subsequent petition for involuntary admission for a maximum of fifteen (15) days." *Id*. Finally, De Jesus argues she is entitled to qualified immunity. Rodriguez counters arguing he did in fact allege a deprivation of a federal right. Dkt. 52 at 6. Additionally, Rodriguez states De Jesus had an obligation to request Rodriguez's involuntary commitment for fifteen days because De Jesus became Rodriguez's legal guardian when she requested the 24-hour temporary detention. *Id*. I discuss each argument in turn.

### I. Section 1983 Liability

It is well-settled law that Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citation omitted). Under Section 1983, a plaintiff must allege that a person acting under color of state law deprived him of a federal right.

3

*Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) (citation omitted). A defendant has acted under color of state law if he has abused the power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law . . . ." *United States v. Classic*, 313 U.S. 299, 326 (1941). Further, to show deprivation of a federal right, "plaintiffs must show that the defendants' conduct was the cause in fact of the alleged deprivation." *Rodriguez-Cirilo v. Garcia*, 115 F.3d 50, 52 (1st Cir. 1997) (citation omitted).

### A. Failure to Cite Specific Federal Right Violated

De Jesus first argues Rodriguez failed to plead a specific federal right that was violated. Rodriguez states he successfully pled a violation. Dkt. 50 at 6. Rodriguez is correct.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting Fed.R.Civ.P. 8(a)(2)). To survive a motion to dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and quotations omitted).

Here, Rodriguez alleges he was involuntarily committed from March 30, 2022 to April 8, 2022. As such, he was seized and deprived of his right to liberty. *See e.g.*, *Harvey v. Harvey*, 949 F.2d. 1127, 1130 (11th Cir. 1992) (an individual who is involuntarily committed is deprived of his constitutional right to liberty). Therefore, Rodriguez has alleged a deprivation of the Fourth Amendment right to be free from seizures. *See McCabe v. Life–Line Ambulance Serv.,* 77 F.3d 540, 544 (1st Cir.1996) ("Fourth Amendment protections extend to certain civil proceedings, including 'involuntary civil commitment proceedings for dangerous persons suffering from mental illness.'").

Additionally, Rodriguez has alleged that there is no record of a petition for involuntary commitment for fifteen days in the Puerto Rico court of first instance. *See Crespo- Hernandez v. Malaret-Molina*, No. 04-cv-1209 (CCC), 2005 WL 8168450, at *1 (D.P.R. March 30, 2005) ("It is

4

undisputed that involuntary commitment to a mental hospital represent a 'massive curtailment of liberty' and that such a commitment therefore must comport with the requirements of due process."). The arguable failure to follow the procedure under Article 4.14 of the Mental Health Code, 24 L.P.R.A. § 6155m, for involuntary commitment, as alleged, plausibly resulted in a deprivation of due process of law under the Fourteenth Amendment.

Therefore, the facts in the complaint sufficiently plead a violation of the Fourth Amendment right to be free from seizures and a violation of the due process clause under the Fourteenth Amendment.

### B. De Jesus's Authority to Petition for Involuntary Admission

Next, De Jesus argues that she did not violate Rodriguez's right to liberty and freedom of movement because she was not under any obligation to file a subsequent petition for involuntary admission for a maximum of fifteen days. Dkt. 50 at 6. Rodriguez counters stating De Jesus had an obligation to file a subsequent petition because the 24-hour temporary detention order made her Rodriguez's legal guardian. Dkt. 52 at 6.

Article 4.13 of the Mental Health Code states:

> [if] a security agent or any other citizen has reason to believe that a person of eighteen (18) years of age or more requires immediate Ireatment in order to protect him/her from physical damage to the self or others, or to property, he/she may present to the Court of First Instance with venue, a sworn petition for a twenty-four hour (24) temporary detention so that an inter- or multidisciplinary team may conduct an evaluation of the adult.

24 L.P.R.A. §6155l. There is no dispute that De Jesus requested Rodriguez's temporary detention. However, the parties disagree as to whether De Jesus was required to file the subsequent petition for involuntary admission. Article 4.13 tells us who can request the involuntary commitment of a person. It states that after a person has been evaluated,

> [i]f . . . the psychiatrist, in consultation with the inter-or multidisciplinary team, determines that hospitalization is the indicated level of care, he/she shall render a certification of said determination so that **the closest family member, legal guardian,**

5

> **or a representative of the institution**, as may apply, may try to request an involuntary admission.

*Id.* (emphasis added). As such, De Jesus may only try to request an involuntary admission if she is a family member, legal guardian or representative of the institution. Rodriguez alleges in her opposition that De Jesus became Rodriguez's legal guardian as a result of requesting the 24-hour temporary detention. Dkt. 52 at 6.

As an initial matter, there are no allegations in the complaint that De Jesus is Rodriguez's legal guardian. As De Jesus notes, Rodriguez makes this allegation for the first time in his opposition to the motion to dismiss. "It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Diaz-Zayas v. Mun. of Guaynabo*, 600 F.Supp.3d 184, 195 (D.P.R. 2022).

In any case, De Jesus did not become Rodriguez's legal guardian by filing for a 24-hour temporary detention. Under the Mental Health Code, a legal guardian is defined as "the person designated by the court to be in charge of the care and custody of a person and his/her property, upon the corresponding declaration of disability issued by the court." 24 L.P.R.A. §6152b(www). However, legal guardianship and the process for obtaining it is regulated under thePuerto Rico Civil Code of 2020. *See* 31 L.P.R.A. §5601 *et seq*. When a person over the age of eighteen has been subject to a declaration of disability, they are assigned legal guardian. *See* 31 L.P.R.A. § 5662. And a declaration of disability can only be requested by a person's spouse, family member or a legal defender named by the court. *See* 31 L.P.R.A §5631. Rodriguez does not allege De Jesus filed for a declaration of disability nor could De Jesus have actually requested one as she is not Rodriguez's spouse, family member or a legal defender. Therefore, De Jesus did not become Rodriguez's legal guardian and was thus under no obligation to file a subsequent petition for involuntary admission for a maximum of fifteen days.

In a last-ditch effort, Rodriguez argues the order granting the 24-hour temporary detention establishes De Jesus was the sole person responsible in requesting Rodriguez's involuntary

admission because he was the petitioner of the temporary order of detention. Dkt. 58 at 2. The court's order states, in relevant part,

> The psychiatrist or a member of the inter- and multidisciplinary team must inform the petitioner or the representative of the institution that provides the mental healthcare services, *as the case may be*, that he/she must appear within a period of 24-hours before the Court with [a] certification [that the person must continue hospitalized] to request an Order For Involuntary Admission for a Maximum Term of Fifteen (15) days [under Article 4.14 of the Mental Health Code.

Dkt. 50-1 (emphasis added). While Rodriguez is correct that De Jesus was the petitioner of the 24-hour temporary detention, the order cannot be read in isolation. It must be read in tandem with Article 4.13, which tells us who can request an involuntary admission. As stated above, only the closest family member, legal guardian or representative of the institution can request an involuntary admission. *See* 24 L.P.R.A. §6155l. By reading the statute and order together, the petitioner can only refer to a family member or legal guardian. When there is no petitioner that is a family member or legal guardian, then it falls to the representative of the institution the provides mental healthcare services to request the involuntary admission. *See id.* As discussed above, De Jesus does not fall into any of the three categories. Therefore, Rodriguez's argument fails here as well.

As such, De Jesus's motion to dismiss with respect to Rodriguez's §1983 claim is **GRANTED with prejudice**. Because I have disposed of Rodriguez's §1983 for failure to state a claim, there is no need to discuss whether De Jesus is entitled to qualified immunity.

## II.   State Law Claims

Finally, De Jesus requests that the court decline the exercise of supplemental jurisdiction over the state law claims once all the federal claims are dismissed. Dkt. 50 at 12.

The court has supplemental jurisdiction to hear state law claims if, and when, the federal court has original jurisdiction in the action and the claims "form part of the same case or

*Rodriguez-Quiñones v. De Jesus-Rojas, et al.*, Civil No. 23-1150 (BJM)

controversy." 28 U.S.C. § 1367(a); s*ee also Allstate Interiors & Exteriors, Inc. v. Stonestreet Const., LLC*, 730 F.3d 67, 72 (1st Cir. 2013) ("State and federal claims are part of the same 'case or controversy' […] if they derive from a common nucleus of operative fact.") (internal citations omitted). Federal courts, however, should decline to exercise supplemental jurisdiction over a plaintiff's state law claims when all federal claims are dismissed. *See Camelio v. American Federation*, 137 F.3d 666, 672 (1st Cir. 1998) (holding that "the balance of competing factors ordinarily will weigh strongly in favor of declining jurisdiction over state law claims where the foundational federal claims have been dismissed at an early stage in the litigation."). Here, Rodriguez's federal claim against De Jesus is dismissed prior to completion of discovery and before a trial has been scheduled. Accordingly, the court **GRANTS** De Jesus's motion to dismiss the claims against De Jesus made under Puerto Rico law.

## CONCLUSION

For the foregoing reasons, De Jesus's motion to dismiss is **GRANTED with prejudice** as to the §1983 claim and **without prejudice** as to the state law claims. Partial Final Judgment will be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 17th day of July 2024.

S/ Bruce J. McGiverin
BRUCE J. MCGIVERIN
United States Magistrate Judge